## T. C. LYSTER v. STATE.

### No. 1877.  Decided November 20, 1912.

**Carrying Pistol—Statement of Facts—Practice on Appeal.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the record showed that appellant's counsel had used proper diligence in preparing a statement of facts and bills of exception, and that he was not at fault that the same was not properly approved and filed or that one was not prepared by the trial judge, the cause must be reversed.

Appeal from the County Court of Morris.  Tried below before the Hon. C. M. Henderson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Henderson & Bolin,* for appellant.—On question of statement of fact; Ruston v. State, 15 Texas Crim. App., 77; Henderson v. State, 20 id., 304; Bryans v. State, 29 id., 247, and cases stated in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

The County Court that tried him adjourned on the 26th of August.  There was a twenty day order entered granting time to file statement of facts and bills of exception.  The statement of facts was prepared by appellant's counsel.  The county attorney kept the statement of facts until the 5th of September, when he returned same to appellant's attorneys with verbal disagreement.  One of the attorneys for appellant then took the statement of facts to the county judge and explained to him the disagreement with a request that he make up a statement of facts.  This the judge did not do.  The statement of facts was carried to the county judge on the 8th of September.  It is further stated that the county judge did not prepare a statement of facts but without approving the statement of facts prepared by appellant's counsel it was filed by the county judge with the county clerk; that appellant had nothing to do with its filing and had no connection with it.  It is further shown by the affidavit that appellant did what he could or his attorneys for him

did, to secure a statement of facts approved and filed within the time required by law. The county judge does not make an affidavit, but writes a letter which is found with the record, and makes about this statement: That the statement in the affidavit by Hon. G. D. Hart, the party making the affidavit above referred to in regard to statement of facts, is practically correct; that he could not from memory give the exact dates of the different actions in regard to the statement of facts, but he states Judge Hart brought him the statement of facts on the 8th of September, 1911, and at the same time informed him that the county attorney who tried the case had refused to agree with him; that immediately afterwards he saw the county attorney and inquired of him what the trouble was, and the county attorney informed him that he did not think the facts were correctly stated and would not agree, and also said that there was a letter that had been offered in evidence that he specially wanted in the statement. He told the county attorney that the attorneys had left a place for the letter to be copied in and was willing that it be inserted; that he found out from the county attorney that the letter was in possession of a Mr. Jones who lived in the country, and afterwards he got the letter himself, but too late for the statement of facts to be filed in time, as required by law. "I asked the county attorney to get this letter himself and put it in if that was all that was the matter with the statement; he never did; in fact, he refused to do anything in the way of getting a statement of facts except to refuse to agree on the one as prepared by the defendant's attorneys, and as result of this the statement of facts was not filed within the time required by law." The county judge signs the letter officially. The transcript shows the following: "Statement of facts delivered to C. M. Henderson (County Judge) September 8, 1911. Filed 1-30-1912. J. W. Cason, County Clerk Morris County, Texas." The statement of facts is not signed by the judge. Under the showing made by the affidavit of Mr. Hart, one of the attorneys for appellant, and the statement made by the county judge in his letter, the appellant was not at fault. We are of opinion appellant has been deprived of a statement of facts without fault on his part. There are numerous decisions upholding this conclusion. Some of them are of very recent date; these commence with Tramwell v. State, 1 Texas Crim. App., 121; Rawls v. State, decided at the present term of the court, and are unbroken to date.

Because appellant was deprived of a statement of facts on appeal the judgment is reversed and the cause is remanded.

*Reversed and remanded.*